DECISION AND JUDGMENT ENTRY
{¶ 1} David R. Scott appeals his conviction by the Scioto County Court of Common Pleas for breaking and entering, a violation of R.C.2911.13(A). He argues that this conviction is supported by insufficient evidence. Because we find that there was no evidence that Scott trespassed in an occupied structure, we agree; however, we find that the trial court's findings support a conviction for attempt in violation of R.C. 2923.02. Scott also argues that his conviction is against the manifest weight of the evidence. We decline to address this argument because our determination of his first argument renders it moot. Accordingly, we reverse the judgment of the trial court and remand this case to the trial court with instructions to enter a not guilty finding on the breaking and entering charge and a guilty finding on the lesser-included offense of attempt.
 I. {¶ 2} In 2001, a grand jury indicted Scott for breaking and entering, a violation of R.C. 2911.13(A), and possessing criminal tools, a violation of R.C. 2923.24(A).
 {¶ 3} Scott waived his right to a jury trial and the trial court heard testimony. Timothy Mitchell testified that he owns a car wash in Scioto County. He lives about one hundred yards away from the car wash. In the early morning hours of June 6, 2001, he awoke and looked out his front window to see two men at his car wash. After concluding that the men were "up to something", he called 911. He stayed on the phone with the 911 operator and watched the two men until a Sheriff's deputy arrived. When the deputy arrived, the two men went "through one of the car wash bays * * *." Once Mitchell joined the deputy at the car wash, he found that the plate over the lock on the office door was bent back to a forty-five degree angle, the wire to the alarm system had been cut, and several light bulbs were removed from their fixtures. Mitchell admitted that the two men never gained entrance to the building. He also explained that the only door into the car wash office was the door the men were trying to open.
 {¶ 4} Scioto County Deputy Sheriff Dan Malone testified that he responded to Mitchell's report that two men were breaking into his car wash. When he arrived, he saw the two men standing by a car. He testified that the men had not gained entrance to any building on Mitchell's property.
 {¶ 5} At the close of the state's case, Scott moved for a judgment of acquittal on both counts of the indictment. As to the breaking and entering charge, he argued that he never gained entrance to the building, a required element of breaking and entering. The trial court overruled the motion.
 {¶ 6} When asked for a closing argument, Scott's attorney replied: "My remarks would be almost identical to the remarks made in the motion for judgment of acquittal so I would adopt those at this point." He did not make a formal motion for an acquittal.
 {¶ 7} The trial court found Scott guilty of both charges. After a sentencing hearing, the trial court sentenced Scott to eleven months on each count, to be served concurrently to each other but consecutive to the sentence Scott was serving at the time on an unrelated charge.
 {¶ 8} We granted Scott's motion to file a delayed appeal. On appeal, he asserts the following error: "The trial court's verdict relative to the charge of breaking and entering (Count One) is against the manifest weight of the evidence and is not supported by the evidence."
 II. {¶ 9} Although Scott assigned only one error, he raised two distinct arguments challenging the validity of his conviction for breaking and entering: (1) that the verdict is against the manifest weight of the evidence; and (2) that his conviction is supported by insufficient evidence. We address these arguments separately.
 A. {¶ 10} We first address Scott's argument that his conviction is not supported by sufficient evidence. He asserts that there was no evidence that he trespassed in an unoccupied structure because the testimony indicated that he never gained entrance to the car wash office.
 {¶ 11} The Ohio Supreme Court clearly outlined the role of an appellate court presented with a sufficiency of evidence argument in Statev. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id. See, also, Jackson v. Virginia (1979), 443 U.S. 307, 319.
 {¶ 12} This test raises a question of law and does not allow the court to weigh the evidence. State v. Martin (1983), 20 Ohio App.3d 172,175. Rather, this test "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319. Accordingly, the weight given to the evidence and the credibility of witnesses are issues primarily for the trier of fact. State v. Thomas (1982), 70 Ohio St.2d 79, 79-80; State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 13} R.C. 2911.13 states: "(A) No person by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit therein any theft offense, as defined in section 2913.01 of the Revised Code, or any felony. (B) No person shall trespass on the land or premises of another, with purpose to commit a felony. (C) Whoever violates this section is guilty of breaking and entering, a felony of the fifth degree." Here, because the State indicted Scott under subsection (A), it had to prove that Scott trespassed in an unoccupied structure with the purpose to commit a theft. Because the record does not contain any testimony as to the relationship of the office structure to the remainder of the car wash or whether Scott trespassed in the car wash as opposed to the office, we cannot determine whether Scott trespassed in any part of the car wash other than the office. Even if we assume the car wash bay is part of the carwash structure, there is no evidence that Scott trespassed
through the bay to commit a theft offense. The State concedes in its brief that it failed to prove that Scott trespassed in an unoccupied structure with the purpose to commit a theft. Thus, we find that the record does not contain sufficient evidence to support Scott's conviction for breaking and entering. The trial court's finding of guilt on the breaking and entering charge implicitly supports a finding of guilt on the lesser-included offense of attempt in violation of R.C. 2923.02.
 B. {¶ 14} We do not address Scott's argument that his conviction is against the manifest weight of the evidence as it is moot due to our finding that his conviction is supported by insufficient evidence. App.R. 12(A)(1)(c).
 III. {¶ 15} In sum, we find that Scott's conviction for violating R.C.2911.13 is not supported by sufficient evidence and reverse the judgment of the trial court. We remand this cause to the trial court with instructions to enter a not guilty finding on the breaking and entering charge and to enter a guilty finding on the lesser-included offense of attempt.
JUDGMENT REVERSED AND REMANDED WITH INSTRUCTIONS.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion and that costs herein be taxed to appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. and Harsha, J.: Concur in Judgment and Opinion.